Wright *vs.* The State of Georgia.

30   325
112   232

## WRIGHT *vs.* THE STATE OF GEORGIA.

1. On an indictment for malicious mischief in shooting a mule, it is a good defense to show that the shooting was done with the motive of protecting the crop of the accused, and not from either ill-will to the owner or cruelty to the animal ; and it is the line of this defense to show that the mule was in the corn field of the accused at the time of the shooting ; and the evidence showing him to have been there is corroborated by proof that he had an habitual proclivity towards such mischief, and was hard to be restrained from it.

Indictment for Malicious Mischief, in Warren Superior Court. Tried before Judge Thomas, at April Term, 1860.

The plaintiff in error was indicted for malicious mischief, in the shooting and killing a mule belonging to John T. Baker.

Dr. Baker, the owner of the mule, testified : That defendant told him that he shot the mule some time last summer; said he shot him for getting into his corn field, and while he was in the field. The mule was worth one hundred dollars; the mule was shot in his hind parts ; was brought home, and died ; the only corn field defendant had adjoined witness' farm, and was separated from it by a fence ; one-half the fence witness was to keep up, and Wright the other half; in the spring defendant came and complained that the mule had been in his field; witness promised to keep him up if he could ; the mule was a stud mule.

Here the State closed.

*Evidence for Defendant.*

*Joel W. Gunn testified : That he heard a conversation between Dr. Baker, the prosecutor and owner of the mule, and Wright last summer or fall; in that conversation, Wright told Baker that he shot the mule in his corn field, and asked the Doctor if he did not tell him to shoot him if he got in his field any more? Dr. Baker said he did; he did not tell him he could shoot him if he dared, or if he did shoot him he would run the law on him, or any thing of that kind, that witness heard; don't think he did; believed he heard all that was said.

Defendant then proposed to prove by several witnesses the character of the mule ; that he was an unmanageable, plundering animal, not subject to ordinary control, and given to breaking open stables, and tearing down and jumping fences, etc. The Court repelled this evidence, and counsel for defendant excepted. Here defendant closed.

Dr. Baker, recalled by the State, testified : That the conversation which Gunn speaks of, is the same witness referred to upon his first examination ; it may have occurred as Mr. Gunn says; he don't recollect *then* telling Wright that he told him to shoot the mule if he dared ; was vexed, and supposes Mr. Wright was, at the time ; never gave him permission to shoot the mule ; when he complained, he said if the mule got into his field again, or if witness did not keep him away, he would shoot him, and I told him to shoot him if he dared, and I would prosecute him. This was all that occurred.

Upon this testimony the case was submitted to the jury, who returned a verdict of guilty ; whereupon, defendant moved for a new trial, upon the following grounds :

1st. Because the Court erred in rejecting the testimony of the witnesses proposed to be introduced as to the habits and character of the mule.

2. Because the verdict was contrary to law and the evidence, and the charge of the Court, and is strongly and decidedly against the weight of evidence.

3d. Because of the newly discovered testimony of James R. Gunn, to the effect that Dr. Baker, the prosecutor and owner of the mule, after he was shot, told said witness that Wright had shot his mule, and that he told him to do it, if he troubled him any more, and was glad that he had done it.

Wright *vs.* The State of Georgia.

The Court refused the motion for a new trial, and defendant excepted, assigning said refusal as error.

WASDEN & NELMS, for plaintiff in error.

JOHN C. BURCH, Sol. General, and AKERMAN, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We think the proposed evidence of the mule's thievish and unmanageable character was improperly rejected. It was material, by way of support, to the other evidence which showed that Wright's motive in shooting the mule, was a desire to protect his crop, and not either ill-will to the owner or cruelty to the mule. The whole evidence against Wright was his own admission that he had shot the mule. This admission was coupled with a statement that he had shot him to keep him out of his corn-field, and that the mule *was in his field* when he shot him. Now, the truth of this statement, that the mule was in his field, was most material to his defense, and the fact that the mule had a proclivity for being in such places, and was hard to be kept out of them, supported the probability of the statement. If the mule really was in his field as he asserted, the fact very powerfully supported his further assertion that his motive in shooting was the protection of his crop. The question to be tried was, not whether he was *justified* in shooting the mule, but whether his motive in shooting was *malicious?* The question of justification would be the issue in an action for damages against him, but on this indictment the issue was, malice or no malice. If he shot from the motive of protecting his crop, and not from either ill-will to the owner or cruelty to the animal, his motive was not *malicious*, whether it was justifiable or not, and his act was not malicious mischief. I will add, that with this view of the law, I think the verdict of guilty is unsupported by the evidence. The Court did not consider this view of the case, and I speak only for myself in expressing the opinion that the evidence is not sufficient to support a conviction. The facts all seem to me to point to the motive of protecting the crop, and not at all, or very slightly if at all, to any ill-will to the owner or cruelty to the mule.

Judgment reversed.