## THE KING *vs.* A. WANSEY.

### EXCEPTIONS.

HEARING, JUNE 18, 1890. DECISION, AUGUST 22, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The defendant was charged with malicious injury in wounding a dog, the property of another, while trying to drive him from his premises, where the dog was trespassing and committing depredations.

Held, that the defendant was not acting without justification or excuse, and that the charge was not sustained.

OPINION OF THE COURT, BY DOLE, J. JUDD, C.J., DISSENTING.

The question in this case is whether or not the acts of the defendant complained of constituted malicious injury.

The essential facts are stated by the Chief Justice sitting in Chambers, in the decision appealed from, as follows :

" On the 24th February last, the attention of the defendant was called to a dog which was running away with a piece of meat in his mouth from the kitchen on the premises where defendant was living, on School street in Honolulu. Defendant ran to where the dog was and threw a stone at it, which hit it, then opened a gate near by, but the dog not making his escape, defendant threw another stone which also hit the dog. The dog was then taken away by a native woman, who was attracted to the spot by its cries. The dog is a Gordon Setter pup, about five months old, of good breeding, and worth from $25 to $50, the property of one George Cavanagh. The injuries to the dog, occasioned by the stones thrown by defendant, were the breaking of one of its fore legs in two places, and the knocking out, breaking and displacing some of its teeth, mainly the milk teeth, which are supplanted in the course of nature by permanent teeth."

" Defendant did not know who the dog's owner was."

"The defendant is charged under Chapter 23 of the Penal Code with a malicious injury and mischief, by which is made punishable 'any injury or offense maliciously done or caused by anyone to the property, right or liberty of another, whereby another may or might be subject to loss, damage or prejudice, or disturbance in any of his rights, liberties or privileges of person or property.'"

The Chief Justice found the defendant guilty of malicious injury, confirming the judgment of the Police Court where the cause was first tried.

The defendant excepted upon the following grounds:

1st. No offense had been proven.  2nd. That no malice had been shown.  3rd. That it was necessary for the prosecution to prove, beyond reasonable doubt, that defendant had malice toward the owner of the property injured.  4th. That under Section 9 of Chapter XXIII. of the Penal Code, defendant had a right to attack the dog under the circumstances shown.

Upon the third point by defendant's counsel, we agree with the conclusion of the decision appealed from, to the effect that it is not necessary to show special malice against the owner of the property, but that it is sufficient if there is no adequate legal justification and "a reckless disregard for the property of another," who is not necessarily known to the defendant.

It is not clear to us that the circumstances bring the cause within the section of the law referred to by defendant's fourth ground of exception.

The defendant's first and second grounds of exception, however, raise the question of malice which is necessary to the offense of malicious injury.  Our statutes have not greatly modified the common law relating to this offense.  While malice toward the animal injured does not constitute malicious injury, yet by the common law it was sufficient if an animal was injured in a spirit of wanton cruelty (4 Bl. Comm., 244); and by our law the killing, mutilating, maiming or wounding an animal without adequate legal justification, and with a reckless disregard for the property of another, constitutes the offense.

Upon the question of adequate legal justification under the facts shown, we are compelled to differ from the decision appealed from. The dog was a trespasser, not only upon the grounds, but in the dwelling house of the defendant, and he was in the act of carrying off a piece of beef from the kitchen at the time the defendant attacked him, although he saw only that the dog was carrying away something in his mouth, but didn't know what it was. These circumstances afforded an adequate legal justification for the defendant's attack upon the dog which resulted in the injuries shown in the evidence, adequate to the extent of accounting for the attack without any necessity of explaining it upon the theory of malice, or a reckless disregard for the property of another.

Our opinion as to the absence of malice in the defendant is somewhat strengthened by the application of the 4th section of our statute of malicious injuries to the circumstances. This section reads, " An act done in the fair exercise, assertion, maintenance or vindication in good faith of a supposed legal right, while there is any real or apparent ground for supposing such right to exist, and the same is not used as a mere cloak, pretence or occasion for a malicious injury, shall not be punishable as a malicious injury." Does not this describe, almost literally, the status of the defendant at the moment the attack upon the dog was made ?

These views are in accord with decisions elsewhere, so far as we have been able to consult the reports of causes.

" In a North Carolina case for stabbing a mare belonging to another, the jury found that the ' defendant took the mare from his cornfield where she was damaging his growing corn, to a secret part of the county, where he inflicted the wound with the view to prevent a repetition of the injury.' And the Court held that this finding would not sustain a conviction. Said the Judge (Tailor, C. J.): ' We do not think the facts found in this case bring the offense within the common law notion of malicious mischief. That seems to be confined to those cases where the act is done in a spirit of wanton malignity without provocation or excuse, and under circumstances which bespeak a

mind prompt and disposed to the commission of mischief.'"
*State vs. Landreth*, 2 Car. L. Repos., 446, and 2 Bishop's Criminal
Law, § 964.  And in *Wright vs. State*, 30 Ga., 325, the Court say:
"If an animal is in the habit of trespassing on a man's fields and
destroying his crops, and during an act of trespass he shoots the
animal, not out of any malice, but to preserve his crops, though
he may not be justified civilly, he is criminally.  The motive is
not what the law deems malicious." Bishop, Stat. Crimes, § 437.

The exceptions are allowed upon the first and second grounds,
and the defendant discharged.

*Deputy Attorney-General, C. Creighton*, for the Crown.
*W. A. Whiting*, for defendant.

I respectfully dissent.  A. F. JUDD.