## STATE v. JOHNSON.

CRIMINAL LAW — MALICIOUS TRESPASS.

1. The malice necessary to constitute the offense of malicious mischief or malicious trespass is something more than the malice which is ordinarily inferred from the willful doing of an unlawful act without excuse.

2.  Statutes such as Sec. 61, L., 1890, punishing as a crime malicious or mischievous injury to the property of another are not intended to make every willful and wrongful act so punishable, but they are devised to reach that class of cases where the act is done with a deliberate intention to injure.

3.  In order to bring an offense under the head of malicious mischief, it must appear that the mischief was itself the object of the act, and not that it was incidental to some other act, lawful or unlawful.

4.  Where the defendant drove a band of sheep across the uninclosed, unimproved, and uncultivated lands of the prosecuting witness, and in doing so did not stop to graze them thereon any longer than sheep do graze while being driven from place to place by the usual and ordinary methods employed to so drive them; in the absence of any evidence of malice, or that the mischief was the object of the act. *Held*, that the facts do not constitute any offense under the laws of the State; and the act of defendant is not within the provisions of Section 61 of the Crimes Act of 1890 defining malicious trespass.

[Decided October 3, 1898.]

RESERVED questions from the District Court, Uinta County. HON. DAVID H. CRAIG, Judge.

B. A. Johnson was charged with malicious trespass under the statute. There was an agreed statement of the evidence, and the district court reserved four questions for the decision of this court as follows:

1. Is the act of driving a herd of sheep across the land of another, which is uninclosed, unfenced, unimproved, and entirely in a state of nature, a trespass under the laws of this State?

2. Is such an act punishable under Sec. 61 of the Crimes Act, Session Laws, 1890?

3. Is such driving a malicious trespass under said section either with or without notice from the owner forbidding such driving across?

4. Does the information in this case, under the statement of facts as agreed upon charge any offense under the laws of this State?

The facts stated are in brief that the defendant in driving a band of sheep from a dipping corral to a neighboring railroad station, drove them over and across certain uninclosed, unimproved, and uncultivated land of the prosecuting witness, and that the defendant did not stop to graze them thereon for any greater length of time than sheep do graze while being driven from place to place by the usual and ordinary method of so driving them.

*John W. Sammon*, for the State.

Every unwarranted entry by a person or his cattle on the lands of another is a trespass, whether the lands are inclosed or not. (Wells v. Howell, 19 Johns, 385; Billen v. Paisley, 4 L. R. A., 840; French v. Lesswell, 13 Or., 418; Bedden v. Clark, 76 Ill., 338; Harrison v. Adamson, 76 Ia., 337; Otis v. Morgan, 61 Ia., 712; Delaney v. Erickson, 11 Neb., 533.) Indictments will lie for willful and malicious injury to real estate and property not subject to larceny. (Desty's Cr. L., Sec. 144; Wharton's Cr. L., Secs. 1072–82; Hall v. Crawford, 5 Jones, N. C., 30.) One having knowledge of the rights of the landowner, who proceeds against the protest of the owner, heedlessly, recklessly, and carelessly to injure may be prosecuted for a wrongful injury to property. (Dailey v. State, 24 L. R. A., 724.) It will be presumed that defendant is bent on mischief, when, after receiving notice not to do so, he drives a large band of sheep on complainant's land. The law does not require notice to be given to one about to commit a trespass.

*Hamm & Arnold*, for defendant.

In this section of country where the fence laws are such as to deny a recovery for destruction of crops in the absence of a lawful fence, it is not a civil trespass for animals to roam upon uninclosed lands. (Buford v. Hontz, 133 U. S., 320; Merritt v. Hill, 37 Pac., 893 (Cal.); Fant v. Lyman (Mont.), 22 Pac., 120; Walker

v. Bloomingcamp (Or.), 43 Pac., 175; Delaney v. Erickson, 10 Neb., 492; Nuckolls v. Garet, 12 Colo. 361; Kerwhacker v. R. R. Co., 3 O. St., 172; Seely v. Peters, 5 Gilm., 130.) But even if the act of defendant amounted to a civil trespass, it contains no element of a crime. (State v. Tinker, 45 Pac., 91.)·

CORN, JUSTICE (after stating the facts as above).

If this were a civil action for damages, a part of the questions would become important which in this case, involving only the construction of a criminal statute, it will be unnecessary for us to decide. It is very well settled that the mere roaming of cattle and other domestic animals upon uninclosed private lands in the Western country does not constitute a trespass. A distinction has been insisted upon in the case of sheep, which are not permitted to roam at will, but are herded and directed by a shepherd; and it is maintained that when they are driven upon such lands for the purpose of pasturage, it constitutes a trespass for which damages may be recovered by the owner of the land. A decision of the latter question is not required by the facts of this case. The statute invoked by the prosecution is one of a very large class both in England and this country, and provides that "whoever maliciously or mischievously injures, or causes to be injured, any property of another or any public property, is guilty of malicious trespass." Under similar statutes in England, it has been held that in order to constitute the offense the act must be done from malice against the owner. Russ & Ry. C. C., 373; 2 East P. C., 1067; 3 Chitty Cr. Laws, 1132. The doctrine has not been carried to that extent in this country, but the authorities are nevertheless substantially agreed that the malice necessary to constitute the offense is something more than the malice which is ordinarily inferred from the willful doing of an unlawful act without excuse. The statutes were not intended to make every willful and wrongful act punish-

able as a crime, but they are devised to reach that class of cases where the act is done with a deliberate intention to injure. In Com. v. Williams, 110 Mass., 401, which was a prosecution for a willful and malicious injury to a building, the court say, "The jury must be satisfied that the injury was done out of a spirit of cruelty, hostility, or revenge. This element must exist in all those injuries to real or personal property which are enumerated and made criminal in the several statutes. The injury must not only be willful, that is intentional and by design, as distinguished from that which is thoughtless or accidental, but it must in addition be malicious in the sense above given. The willful doing of an unlawful act without excuse, which is ordinarily sufficient to establish criminal malice, is not alone sufficient under these statutes. The act, although intentional and unlawful, is nothing more than a civil injury, unless accompanied with that special malice which the words ' willful and malicious ' imply." In Duncan v. The State, 49 Miss., 331, which was an indictment for malicious mischief in killing a hog, the jury returned a verdict, "We, the jury, find the accused guilty of the willful and unlawful killing of the hog, but not out of a spirit of mischief, revenge, or wanton cruelty;" and this was held to be an acquittal of the accused of the charge in the indictment. So in Wright v. The State, 30 Ga., 325, which was an indictment for malicious mischief in shooting a mule, the court say: "The question to be tried was not whether he was *justified* in shooting the mule, but whether his motive in shooting was *malicious*. The question of justification would be the issue in an action for damages against him, but on this indictment the issue was malice or no malice. If he shot from the motive of protecting his crop, and not from either ill will to the owner or cruelty to the animal, his motive was not *malicious* whether it was justifiable or not, and his act was not malicious mischief." In a New Jersey case the defendant was indicted for willfully and maliciously tearing down an advertisement of sale

set up by the sheriff. His defense was that he took it down for the purpose of showing it to his counsel and from no bad motive. The court say: "The word 'maliciously' when used in the definition of a statutory crime, the act forbidden being merely *malum prohibitum*, has almost always the effect of making a bad intent or evil mind a constituent of the offense. The whole doctrine of that large class of offenses falling under the general denomination of malicious mischief is founded on this theory. For example it was declared by the supreme court of Massachusetts in the case of Commonwealth v. Walden, 3 Cush., 558, that the word 'maliciously' as used in the statute relating to malicious mischief was not sufficiently defined as 'the willful doing of an act prohibited by law, and for which the defendant has no lawful excuse,' but that to the contrary, in order to justify a conviction under the act referred to, the jury must be satisfied that the injury was done either out of a spirit of wanton cruelty or wicked revenge." Folwell v. The State, 49 N. J. L., 31. And it seems to be generally held that in order to bring an offense under the head of malicious mischief it must appear that the mischief was itself the object of the act, and not that it was incidental to some other act lawful or unlawful. 14 Am. & Eng. Enc. of Law, 11.

The case of Daily v. The State, 24 L. R. A., 724 (51 O. S., 348), relied upon by counsel for the State was a prosecution under an Ohio statute entirely dissimilar to the one under consideration. It provides that "whoever wrongfully and without lawful authority" injures any tree growing upon land not his own shall be fined, etc. The question whether the act was done maliciously or mischievously did not arise, and even in that case the trial court instructed that if the defendants acted under an honest belief that they had a right to cut the trees, they were not guilty under the statute; but that if they acted heedlessly, recklessly, and carelessly they would be liable. And the supreme court in affirming the judgment say

that if they did so act, the cutting was " wrongful " within the meaning of the statute. The decision has no application to this case, and we have not found any which sustain the view of the counsel for the State. In an Indiana case, where the statute was in the same words as our own, it was contended by counsel as in this case that the act having been clearly proven, malice would be inferred. But the court say such is not the rule where the circumstances attending the commission of the trespass rebut the presumption of malice. Lossen v. The State, 62 Ind., 440.

The agreed statement of facts in this case shows that the defendant drove his sheep across the land of the prosecutor to a railroad station, and that in doing so they destroyed only so much of the grass as such a band of sheep would ordinarily destroy in passing over it. There is not only no evidence of malice or that mischief was the object of the act, but the tendency of all the evidence is against such a conclusion. Admitting, therefore, for the purposes of this decision, that the act of driving the animals across the land was a trespass for which damages might be recovered in a civil action, the facts as agreed upon do not constitute any offense under the laws of this State.

No answer is made to the first, second, and third questions, none being necessary, and the fourth is answered in the negative.

POTTER, C. J., and KNIGHT, J., concur.