THE PEOPLE *v.* MALDONADO.

APPEAL from the District Court of Arecibo.

No. 182.—Decided December 16, 1909.

CRIMINAL LAW—MALICIOUS MISCHIEF—TEARING DOWN OF A FENCE.—A person who destroys a fence upon land, of which he is in possession, under a claim of right saying the property is his own, is not guilty of the offense of malicious mischief, or of violation of section 519 of the Penal Code.

The facts are stated in the opinion.

*Mr. Santoni* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

On appeal from the municipal court of Arecibo the district court of that jurisdiction found Hipólito Maldonado guilty of the crime of malicious mischief of which he was accused, and sentenced the same to $90 fine or 90 days in jail. The complaint in the case is as follows:

"I, Manuel Vega, I. P. No. 91, a resident of Rosario Street, No. 38, 34 years of age, make complaint against Hipólito Maldonado for malicious mischief committed in the following manner: That on this day and in the ward of Islote, Arecibo, in the municipal judicial district of Arecibo, the defendant, Hipólito Maldonado, destroyed the wire fence on the property of Wenceslao Borda in the lands of the Caño de Tiburones; that the defendant confessed to being the author of the act in the presence of José López and Eugenia Lefranc, a confession which he also had made to the municipal judge, alleging that he had destroyed the fence to the extent of a *cuerda* and a half, which is his property."

At the hearing in this court the appellant alleged that the judgment should be reversed, because there was no showing of malice on the part of the defendant, and that malice is an essential ingredient of the crime of malicious mischief. The *fiscal* of this court did not dispute the contention, but alleged that the complaint was brought under section 519 of the Penal Code as amended by the Law of 1906. This section, as amended, reads as follows:

"Any person wilfully or maliciously tearing down a fence, without the consent of the owner or of the person in charge thereof, to make passage through an inclosure, is guilty of a misdemeanor and punishable by a fine of not more than $300. Any person entering upon the inclosed land of another without the consent of the owner, or of the person in charge thereof, is guilty of a misdemeanor and punishable by a fine of not more than $50, or by imprisonment not to exceed 30 days, or by both penalties, at the discretion of the court: *Provided,* That for 30 days before such entry the owner of the land shall have erected and maintained in one or more conspicuous places on the same piece of land, farm or plantation, a notice easily legible, in both the English and the Spanish language, warning all persons from entering on such land, farm or plantation."

And the *fiscal* contended that with respect to this particular offense the statute did not make malice a necessary element, but that if a person did the act merely wilfully he was likewise guilty. In answer to this argument the appellant maintained that the words "wilfully or maliciously" should be taken as synonymous or else that the word "or" should be considered in a conjunctive instead of in a disjunctive way.

In the case at bar, if the defendant is charged by virtue of section 519 of the Penal Code, there is nothing either in the complaint or in the proof which made out a case thereunder. The complaint, as it has been presented, merely charges a case of malicious mischief. The complaint and the proof are clearly to the effect that the defendant destroyed this fence under a claim of right, saying that the property was his own. There was no evidence that he destroyed the fence to make passage through an inclosure.

We must, therefore, consider the question of malice. It appears very clearly from the proof, that Maldonado was in possession of this piece of property for some time and that Borda entered on the land and put a fence on it, claiming the right of possession, but it does not appear that Maldonado ever gave up his original possession or his alleged rights thereto. It is true that the witness, Borda, and others, testified that his land was taken by them by virtue of a lease from the Government, and that Borda gave the defendant permission to enter the land for the purpose of cutting down his cane; but nothing to show that the defendant did not persistently maintain his right to hold and possess the land. Of the fact of this claim the complaint itself bears testimony when it says: "A confession which he also had made to the municipal judge, alleging that he had destroyed the fence to the extent of a *cuerda* and a half which is in his property." As to tearing down his fence with any idea of injuring the plaintiff, or of doing a malicious act, as malice is ordinarily understood, there is not the slightest evidence. He continually maintaining his rights to the possession.

In the argument the *fiscal* maintained that this was not a method of trying title to property, and that possession was only involved.

It is for the reason that the possession to the land was so strongly disputed, by both defendant and Borda, that we cannot find the element of malice to exist and it is necessary to prove such malice. (*State* v. *Johnson,* 54 Pac., 502.) This court has recently had occasion to pass on a similar state of facts when the question of intention was involved. (*The People of Porto Rico* v. *Adolfo Lanausse,* judgment of June 26, 1909, and *The People of Porto Rico* v. *Francisco González et al.,* judgment of November 17, 1909.) For these reasons the judgment of the court below should be reversed.

*Reversed.*

Chief Justice Hernández and Justices Figueras and del Toro concurred.

Mr. Justice MacLeary dissented.