PEOPLE, PLAINTIFF AND APPELLEE, *v.* REYES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution for Malicious Mischief.

No. 1040.—Decided June 22, 1916.

MALICIOUS MISCHIEF—ELECTRIC WIRES—TRIMMING TREES—MALICE.—It is shown by the evidence in this case that the defendants, employees of an electric light and power company, after requesting permission which was denied them, using a ladder fifty feet long and without entering upon the property of the prosecuting witness, cut a certain number of fronds of coco palms which extended over the highway and came in contact with the electric wires, in order to prevent their short-circuiting the wires transmitting a deadly current of 4,400 volts. There was also evidence that the Commissioner of the Interior gave certain authority to cut and trim trees and branches extending over the highway and to remove and trim such branches or trees as so extended from adjoining properties or might endanger the said line or interrupt its service. *Held:* That the offense of malicious mischief was not committed because there was no malice, which is an essential element.

ID.—AUTHORITY TO COMMIT ACTS—MALICE—PERSONAL INJURY.—When it appears from the record that the defendants did not act with the evil intention of committing an offense, but under the belief that they were duly authorized to do what they did, it cannot be determined in a criminal action whether they exceeded their authority or not. The machinery of criminal law cannot be invoked properly for the reparation of a purely personal injury.

The facts are stated in the opinion.

*Mr. J. H. Brown* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court

This is a prosecution for malicious mischief. The complaint, in so far as pertinent, reads as follows:

"I, Arturo C. Bird, a resident of Celis Aguilera Street, Fajardo, twenty-nine years of age, charge Sandalio Reyes and Rafael F. Veve with the offense of malicious mischief, committed in the following manner: During the afternoon of October 1, 1915, on the public road between Luquillo and Río Grande, ward of Sabana, of the Municipal Judicial District of Fajardo, defendant Sandalio Reyes, maliciously and against the will and denial of the prosecuting witness, cut off about seventy fronds or branches from more than forty coco palms on a property in charge of the prosecuting witness in the ward of Luquillo, or rather Sabana de Luquillo, the commission of the offense having been maliciously instigated by Rafael F. Veve."

The defendants were convicted in the municipal court and appealed to the district court, where the case was tried *de novo*. They were again convicted and thereupon appealed to this court.

In due course the appellants filed their brief praying that the judgment be reversed and the *fiscal* of this court submitted his report recommending the reversal as prayed for.

According to the statement of the case included in the transcript of the record the facts are as follows:

Arturo C. Bird, the prosecuting witness, testified that defendant Veve asked him for permission to cut off the fronds of several coco palms growing on his property in Luquillo and did cut them off despite his refusal of such permission. Zoilo López, Bird's overseer, admitted that the fronds which were cut off extended over the public road and were in contact with the electric wires.

The defendants testified that they were employees of the Porto Rico Railway, Light and Power Company; that they requested permission to cut off the fronds in question and, upon its being refused, they proceeded to cut them off, using a ladder fifty feet long to reach the fronds and thus obviating the necessity of entering upon the property referred to in the complaint; that it was necessary to cut off the fronds

because they crossed the electric wires of the company, which carried a dangerous and deadly current of 4,400 volts, and might break them; that the fronds cut off extended beyond the property and over the public road, and that their removal took place in the presence of a police officer whom the defendants called expressly for that purpose.

The defendants also introduced in evidence a certificate of the Commissioner of the Interior of Porto Rico to the effect that the line of wires strung along the road where the incident occurred was constructed at the place where it now is under a franchise granted by the Executive Council and in accordance with plans approved by the Commissioner of the Interior, and that the company was expressly authorized by the Department of the Interior to cut down, remove and trim trees and branches on the highway, and to remove and trim such parts of branches or trees as extended over the road from adjacent properties which might imperil the said line or interfere with the operation thereof, which authorization was in force when the acts charged took place.

An examination of the evidence forces us to the conclusion that the offense of malicious mischief, of which defendant-appellants have been convicted, does not exist in the present case.

Section 511 of the Penal Code provides that every person who maliciously injures or destroys any real or personal property not his own, in cases otherwise than such as are specified in said code, is guilty of a misdemeanor.

That malice is an essential element of the crime of malicious mischief and must be alleged and shown, has been held by this court in the cases of *People* v. *Maldonado,* 15 P. R. R. 756; *People* v. *Lanause,* 15 P. R. R. 590, and more recently in the case of *People* v. *Valdés,* 23 P. R. R. 662.

The Supreme Court of Wyoming has held that malice necessary to constitute the offense of malicious mischief is something more than the malice which is ordinarily inferred

from the wilful doing of an unlawful act without excuse. See *State* v. *Johnson,* 7 Wyo. 512.

The same court holds that in order to constitute the offense of malicious mischief it must appear that the mischief was the direct object of the act and was not incidental to some other lawful or unlawful act. *State* v. *Johnson, supra.*

Moreover, it not only appears from the record that the defendants did not act with the malicious intention of committing an offense, but that they acted in the belief, at least, that they were duly authorized by the franchise granted to the company of which they were employees to do what they did. The question of whether or not they exceeded their powers cannot be considered in a criminal action. "The machinery of the criminal law," says the Supreme Court of Indiana, "cannot be properly invoked for the redress of merely private grievances." See *Hughes* v. *State,* 103 Ind. 344.

In view of the foregoing, the judgment appealed from should be reversed and the defendants discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.