El Pueblo, Demandante y Apelado, *v.* Reyes et al., Acusados y Apelantes.

Apelación procedente de la Corte de Distrito de Humacao en causa por delito de daños maliciosos.

No. 1040.—Resuelto en junio 22, 1916.

Daños Maliciosos—Alambres Eléctricos—Poda de Arboles que Tocan los Alambres—Malicia—Elemento Esencial del Delito.—En este caso, de la prueba resulta que los acusados, empleados de una compañía de fuerza y luz eléctrica, después de solicitar permiso y serles éste denegado, cortaron, usando para ello una escalera de cincuenta pies y sin penetrar en la finca del denunciante, cierto número de ramas o pencas de palma de coco que sobresalían hacia la carretera y que atravesaban las líneas de trasmisión, porque podrían ocasionar la ruptura de los alambres por los cuales pasaba una corriente peligrosa, mortal, de 4,400 *volts.* También hubo prueba de cierta autorización del Comisionado del Interior para cortar y podar árboles y ramas dentro de la carretera y quitar y podar la parte de ramas o árboles que sobresalieren de las propiedades adyacentes o que pudieran poner en peligro la dicha línea o entorpecer su servicio. *Se resolvió:* que no existe el delito de daños maliciosos por faltar la malicia, que es un elemento esencial.

Id.—Autorización para Realizar los Actos Denunciados—Falta de Malicia—Responsabilidad Civil.—Cuando de los autos resulta que los acusados no actuaron con la dañada intención de perpetrar un delito sino bajo la creencia de que estaban debidamente autorizados para realizar el acto que llevaron a cabo, si se extralimitaron o no en sus facultades no es una cuestión que deba resolverse en una causa criminal. La maquinaria de la ley penal no puede invocarse propiamente para el resarcimiento de un daño meramente privado.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. H. Brown.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de una causa sobre daños maliciosos. La denuncia, en lo pertinente, dice así:

"Yo, Arturo G. Bird, vecino de Fajardo, calle de Celis Aguilera, número, de 29 años, formulo denuncia contra Sandalio Reyes y Rafael F. Veve, por delito de daños maliciosos, cometido de la manera siguiente: que en la tarde del día 1º. de octubre de 1915, y en la carretera de Luquillo a Río Grande, barrio Sabana, del Distrito Judicial Municipal de Fajardo, el acusado Sandalio Reyes, maliciosamente, y contra la voluntad y prohibición del denunciante, cortó aproximadamente setenta pencas o ramas de sobre cuarenta palmas de cocotero, situadas en una finca de la cual es encargado el denunciante, situada en el barrio de Luquillo, digo Sabana de Luquillo, habiendo instigado maliciosamente el Rafael F. Veve, la comisión del delito."

Los acusados fueron condenados por la corte municipal y apelaron para ante la corte de distrito. Esta celebró el juicio de nuevo y condenó también a los acusados quienes apelaron entonces para ante este Tribunal Supremo.

Los apelantes presentaron en su oportunidad su alegato solicitando la revocación de la sentencia y el Fiscal de esta corte archivó su informe opinando que procedía la revocación solicitada.

Forma parte de los autos una exposición del caso de la cual resulta que los hechos ocurrieron de la siguiente manera:

Arturo C. Bird, el denunciante, declaró que fué requerido por el acusado Veve para que le permitiera cortar las ramas de varias palmas de coco que crecían en su finca situada en Luquillo, y no obstante haberse negado, las ramas fueron cortadas. Zoilo López, mayordomo de Bird, admitió que las ramas cortadas sobresalían a la carretera y tocaban los alambres eléctricos.

Los acusados manifestaron que eran empleados de la

Porto Rico Railway, Light & Power Co.; que solicitaron permiso para el corte de las ramas de que se trata y que al serles denegado, procedieron a verificarlo usando una escalera de cincuenta pies para llegar hasta ellas, sin necesidad de penetrar en la finca a que se refiere la denuncia; que estando las ramas atravesadas en las líneas de transmisión de la compañía, era necesario cortarlas, porque podrían ocasionar la ruptura de los alambres por los cuales pasa una corriente peligrosa, mortal, de 4,400 *volts;* que las pencas cortadas sobresalían fuera de la finca, penetrando en la carretera y que el corte fué presenciado por un policía requerido expresamente para ello por los acusados.

La defensa presentó además como prueba una certificación expedida por el Comisionado del Interior de Puerto Rico, creditivo de que la línea que pasa por la carretera donde ocurrieron los hechos fué establecida en el sitio donde actualmente existe de acuerdo con la franquicia concedida por el Consejo Ejecutivo y los planos aprobados por el Comisionado del Interior, y de que la Compañía fué expresamente autorizada por el Departamento del Interior para cortar, quitar y podar árboles y ramas dentro de la carretera y quitar y podar la parte de ramas o árboles que sobresalieren de las propiedades adyacentes y que pudieran poner en peligro la dicha línea o entorpecer su servicio, autorización que estaba vigente en la fecha en que ocurrieron los hechos denunciados.

El examen de la prueba nos lleva necesariamente a la conclusión de que no existe en este caso el delito de daños maliciosos por el cual han sido condenados los acusados apelantes.

Toda persona que maliciosamente dañare o destruyere bienes muebles o inmuebles ajenos, dice el artículo 511 de nuestro Código Penal, fuera de los casos especificados en este código, incurrirá en *misdemeanor.*

La malicia es un elemento esencial que debe ser alegado

y probado en una acusación por tal delito, ha decidido esta Corte Suprema de Puerto Rico en los casos de *El Pueblo* v. *Maldonado,* 15 D. P. R. 776, y *El Pueblo* v. *Lanause,* 15 D. P. R. 605, y recientemente en el de *El Pueblo* v. *Valdés,* 23 D. P. R. 713.

La malicia necesaria para constituir el delito de daños maliciosos, ha sostenido la Corte Suprema de Wyoming, es algo más que la malicia que ordinariamente se infiere de la realización voluntaria de un acto ilegal sin excusa. Véase el caso de *State* v. *Johnson,* 7 Wyo. 512.

Para que un delito pueda ser considerado como de daños maliciosos, sostiene el mismo tribunal, debe aparecer que la maldad fué el objeto directo del acto y que no fué incidental a otro acto legal o ilegal. *State* v. *Johnson, supra.*

Pero es más, no sólo resulta de los autos que los acusados no actuaron con la dañada intención de perpetrar un delito, si que aparece de ellos que actuaron creyendo por lo menos que estaban debidamente autorizados por la franquicia otorgada a la compañía de la cual eran empleados para realizar el acto que llevaron a efecto. Si se extralimitaron o no en sus facultades, no es cuestión que deba resolverse en una causa criminal. La maquinaria de la ley penal, ha dicho la Corte Suprema de Indiana, no puede invocarse propiamente para el resarcimiento de un daño meramente privado. Véase el caso de *Hughes* v. *State,* 103 Indiana 344.

Por virtud de todo lo expuesto, procede la revocación de la sentencia apelada y la absolución de los acusados.

*Revocada la sentencia apelada y*
*absueltos los acusados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.