EL PUEBLO DE PUERTO RICO, demandante y apelado, *v*. MA-
RIANO BERRÍOS LEBRÓN, acusado y apelante. EL MISMO *v*.
EL MISMO.

Núms. 10253 y 10254.—*Sometidos:* Diciembre 7, 1943. *Resueltos:*
Febrero 9, 1944.

*Cruz Ortiz Stella,* abogado del apelante; *R. A. Gómez, Fiscal del Tri-
bunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* aboga-
dos de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tri-
bunal.

Estos dos casos se encuentran ante nos en apelación con-
tra sentencias dictadas por la corte de distrito condenando
al acusado a pagar una multa de $10 en cada caso por el
delito de daños maliciosos y por infracción al artículo 517
del Código Penal.[1] Las denuncias eran al efecto de que el
acusado había cortado y se había llevado unos árboles de
guaba y arbustos de café que crecían en terreno propiedad
de la testigo denunciante. Uno de los errores alegados fué
que la prueba no era suficiente para sostener la sentencia.

---

(1) El artículo 517 lee en parte que "Incurrirá en 'misdemeanor' toda
persona que voluntariamente cometiere cualquiera de las siguientes violaciones:
1. Cortar, destruir o dañar cualquiera clase de bosques o madera que se hallare
o creciere en terrenos de otra persona . . ."

██ Los casos se vieron conjuntamente ante la corte inferior. Una de las testigos denunciantes, Enriqueta Morales, declaró que su familia había venido originalmente a vivir en la finca en cuestión como agregados; que por un convenio verbal su padre había comprado esta parcela a Antonio Berríos, hermano del acusado; que el derecho de su familia a poseer la parcela está en litigio en la actualidad; y que, como se alega en las denuncias, el acusado entró en la propiedad, cortó los árboles de guaba y de café que crecían allí plantados y se los llevó.

La declaración del acusado fué al efecto de que éste y ótros herederos de su padre eran los dueños de la parcela; que su padre no la había vendido; y que la familia Morales todavía eran agregados de dicha finca y estaban ahora reclamando el título de la propiedad bajo la teoría de que la habían poseído durante cierto tiempo.

Los hechos en este caso no justifican la convicción por los delitos imputados. El requisito de que el delito se cometa con malicia y voluntariamente nunca se probó. Al contrario, la cuestión es claramente una que envuelve sencillamente una disputa *bona fide* en cuanto al título de la parcela. "La maquinaria de la ley penal no puede invocarse propiamente para el resarcimiento de un daño meramente privado."[2]

No debe interpretarse como que resolvemos que el mero *ipse dixit* de un acusado al efecto de que tiene algún interés en el título del terreno, sería suficiente para absolverlo en todos los casos por los delitos que aquí se le imputan. Pero si de la propia prueba de los testigos denunciantes surge, como en estos casos, que la actuación del acusado estaba predicada en una reclamación del título sobre el cual existe una legítima controversia, las partes deben obtener el resarcimiento de tales daños como se alegan en estos casos, mediante una acción civil. Resolver lo contrario, equivaldría a

---

(2) *Hughes* v. *State*, 103 Ind. 344, citado en *Pueblo* v. *Reyes et al.*, 24 D.P.R. 168, 171.

convertir una acción penal en una acción para dirimir el título o el derecho a la posesión de la propiedad. Ésta es una doctrina bien establecida que este Tribunal ha seguido en varios casos. *Pueblo* v. *González et al.*, 15 D.P.R. 696; *Pueblo* v. *Maldonado*, 15 D.P.R. 776; *Pueblo* v. *Reyes et al.*, 24 D.P.R. 168; *Pueblo* v. *Galeno*, 61 D.P.R. 406.

*Se revocarán las sentencias de la corte de distrito y se substituirán por otras que absolverán al acusado.*